**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-CR-625 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERTO ADAMS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENT IN SUPPORT OF ITS NOTICE AND MOTION TO ADMIT EVIDENCE AS INTRINSIC EVIDENCE OR, IN THE ALTERNATIVE, PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

The United States of America hereby files the instant Supplement in further support of its notice and motion to admit evidence as intrinsic or pursuant to Fed. R. Evid. 404(b).  ECF 189.[1] There are three principle areas of evidence that the government seeks to introduce at trial: (1) Adams' receipt of the first loan proceeds and the depletion of the proceeds as reflected in his bank account balances, (2) the inconsistencies between the Economic Injury Disaster Loan (EIDL) and tax submissions with the loan application, particularly regarding ownership percentages, and (3) Adams' actions following the depletion of the loan funds in applying to the Seattle Police Department and in making a fake SuperKlean invoice and identifying fraudulent business expenses.  Pursuant to the Court's Order, the Government provides the chart below regarding the exhibits the Government anticipates it would seek to admit in connection with its motion. ME 1/30/26.  The chart includes the exhibit number, a description of the item, and the specific purpose(s) under Fed. R. Evid. 404(b) that allows for the introduction of the evidence.

---

[1] "ECF #" refers to the docket entries for this case at the indicated number.  "ME" refers to the minute entries for the docket in this case.

**POTENTIAL EXHIBITS**

| Exhibit[2] | Description | 404(b) Purpose |
|---|---|---|
| 2 | SuperKlean Intake Application (EIDL) | Demonstrates the defendant's knowledge of the loan process for pandemic relief. Moreover, the contradictory information contained in Adams' EIDL application, his tax forms, and his second PPP loan application establishes Adams' intent on the second PPP loan application showing a lack of mistake or accident. |
| 10 | Rapid Finance Application (EIDL) | See explanation above. |
| 11 | Outside Employment Records | This contradicts Adams' assertion that SuperKlean existed in the way it was portrayed. It demonstrates Adams' intent to fraudulently claim that he had a business at the time he applied for the second PPP loan. |
| 13 | BlueVine Database Records for Roberto Adams | This exhibit contains information provided by BlueVine regarding Adams' PPP application. It demonstrates knowledge of how the process worked and a lack of accident or mistake in seeking a second loan. |
| 14 | SBA Form 1050, Settlement Sheet 7.31.20 | The disbursement of the first PPP loan funds is necessary to show that Adams received the money. This goes directly to his certification on his second PPP application that he received and spent the funds for appropriate purposes. The evidence goes to his intent on the second PPP application and demonstrates a lack of mistake or accident in the use of the second disbursement of funds. |

---

[2] The Government uses the Exhibit Numbers that were used during the August 2023 trial. All but one of the referenced exhibits were admitted into evidence at the first trial. For ease of reference, the government has upload the exhibits to USAfx for review.

| Exhibit[2] | Description | 404(b) Purpose |
|---|---|---|
| 15 | Paycheck Protection Program Borrower Application | Shows that first loan was applied for and provides context for the second draw.  This demonstrates the defendant's knowledge of the PPP process showing the lack of accident or mistake in seeking to apply for a second loan. |
| 16 | SBA loan note 7.31.20 | Same as above. |
| 17 | Authorization to release information 7.31.20 | Same as above. |
| 18 | Resolution to borrow 7.31.20 | Same as above. |
| 21 | Maryland Driver's license photo [as part of first loan application] | Same as above. |
| 22 | Schedule C for SuperKlean | Same as above.  In addition, the contradictory information contained in Adams' EIDL application, his tax forms, and his second PPP loan application establishes Adams' intent on the second PPP loan application showing a lack of mistake or accident. |
| 28 | Paycheck protection program borrower application 7.31.20 | Shows that first loan was applied for and provides context for the second draw.  This demonstrates the defendant's knowledge of the PPP process showing the lack of accident or mistake in seeking to apply for a second loan. |
| 36 | CrossRiver Database Records | Same as above. |
| 37 | Loan Forgiveness Application 8.5.21 | Same as above.   In addition, this exhibit shows defendant's knowledge and understanding regarding loan process as it postdates his misuse of the first loan's funds and goes toward his knowledge and lack of mistake or accident in the certification on his second loan application that he used the first loan funds for an approved purpose. |

| Exhibit[2] | Description | 404(b) Purpose |
|---|---|---|
| 38 | Letter of loan satisfaction. 8.18.21 | Same as above. |
| 41 | Federal Tax Return for 2020, Certified | This exhibit contains inconsistencies between the EIDL and loan application.  It is probative that SuperKlean did not exist as represented in second draw application, which incorporated Schedule C from first application and goes to a lack of mistake. |
| 42 | IRS Certification of Lack of Records SuperKlean | Same as above. |
| 46 | Federal Income Tax Return 2020- from Buckmon | Same as above. |
| 48 | U.S. Return of Partnership Income- Form 1065 | Same as above.  This exhibit specifically states that SuperKlean was created on June 25, 2020, but the second draw application has an affirmation that the business existed before February 15, 2020. |
| 71 | BOA Statement 7.25.20-8.24.20 | Shows disbursement of the first loan.  The disbursement of the first PPP loan funds is necessary to show that Adams received the money.  This goes directly to his certification on his second PPP application that he received and spent the funds for appropriate purposes.  The evidence goes to his intent on the second PPP application and demonstrates a lack of mistake or accident in the use of the second disbursement of funds. |
| 72 | BOA 8.25.20- 9.23.20 | Shows use of funds from the first loan, including expenses for Las Vegas.  The disbursement of the first PPP loan funds is necessary to show that Adams received the money.  This goes directly to his certification on his second PPP application that he received and spent the funds for appropriate purposes.  The evidence goes to his intent on the second PPP application and |

| Exhibit[2] | Description | 404(b) Purpose |
|---|---|---|
| | | demonstrates a lack of mistake or accident in the use of the second disbursement of funds. |
| 89 | Email from Bunche to Adams regarding her services | Shows context that first loan was submitted. This demonstrates Adams' knowledge of the loan process and a lack of mistake or accident in applying for the second loan application. |
| 90 | Application information sent from Adams to Bunche | Shows context that first loan was submitted. This demonstrates Adams' knowledge of the loan process and a lack of mistake or accident in applying for the second loan application. |
| 91 | Application information sent from Adams to Bunche | Same as above. |
| 92 | Application information sent from Adams to Bunche | Same as above. |
| 93 | Email from BlueVine to Adams that account was created | Same as above. |
| 94 | Application information sent from Adams to Bunche | Same as above. |
| 95 | Email from BlueVine to Adams that PPP loan was submitted | Same as above. |
| 96 | Email from BlueVine to Adams that PPP offer was extended | Same as above. |
| 97 | Email from BlueVine to Adams regarding PPP DocuSign | Same as above. |
| 98 | Invoice from Bunche to Adams | Same as above. |
| 99 | Payment of Invoice by Adams to Bunche | Same as above. |

| Exhibit[2] | Description | 404(b) Purpose |
|---|---|---|
| 105[3] | SuperKlean Cleaning Invoice from 9.20.21 | This contradicts Adams' assertion that SuperKlean existed in the way it was portrayed. It demonstrates Adams' intent to fraudulent claim that he had a business at the time he applied for the second PPP loan. |
| 119 | Search Warrant Photo- Legal Zoom Binder | This exhibit is offered to show that there were no changes to SuperKlean's ownership.  It goes to the inconsistencies in the EDIL, tax, and second loan applications which demonstrate Adams' intent, knowledge, and lack of mistake or accident in his second draw application. |
| 129.2 | Seattle Police Department Application | This provides context for the defendant's statement to Seattle Police Department and demonstrates that he knew of and understood the purpose of the PPP program. |
| 130 | Email from Adams to Seattle Police Department | This exhibit establishes the defendant's knowledge with respect to the purpose of the PPP program. |
| 141 | BOA Statement 7.25.2020-8.24.2020 | Shows disbursement of the first loan.  The disbursement of the first PPP loan funds is necessary to show that Adams received the money.  This goes directly to his certification on his second PPP application that he received and spent the funds for appropriate purposes.  The evidence goes to his intent on the second PPP application and demonstrates a lack of mistake or accident in the use of the second disbursement of funds. |
| 143 | BOA Statement 8.25.2020-9.23.2020 | Same as above. |

---

[3] This exhibit was not admitted at the first trial.

| Exhibit[2] | Description | 404(b) Purpose |
|---|---|---|
| 144 | BOA Statement 9.24.2020-10.23.2020 | Shows Adams' financial state in the months leading up to the second loan and provides context and motive. |
| 145 | BOA Statement 10.24.2020-11.20.2020 | Same as above. |
| 146 | BOA Statement 11.21.2020-12.23.2020 | Same as above. |
| 147 | BOA Statement 12.23.2020-1.11.2021 | Same as above. |
| 157 | Docusign 7.31.20 | Shows completion of application for the first loan. This demonstrates a knowledge of the PPP process and goes to an absence of accident or mistake in the second loan application. |
| 160 | Family Dollar Receipt October 2020 | Shows improper use of loan funds. This goes directly to his certification on his second PPP application that he received and spent the funds for appropriate purposes. The evidence goes to his intent on the second PPP application and demonstrates a lack of mistake or accident in the use of the second disbursement of funds. |
| 161 | Family Dollar Product Detail October 2020 | Same as above. |
| 168 | Foot Action Receipt September 2020 | Same as above. |
| 168.1 | Foot Action Product Detail September 2020 | Same as above. |
| 169 | Gap Old Navy Receipt September 2020 | Same as above. |
| 171 | GOAT Invoice January 2021-Redacted | Same as above. |

| Exhibit[2] | Description | 404(b) Purpose |
|---|---|---|
| 171.1 | GOAT Invoice January 2021-Redacted | Same as above. |
| 173 | MGM National Harbor All Ratings Detail 1.01.20 to 9.01.21 | Same as above. |
| 174 | MGM National Harbor Cash Club Detail Transaction Report | Same as above. |
| 179 | PPE Casino Resorts Annual Activity 2020 | Same as above. |
| 181 | Tiki Lee's Dock Bar Receipt 8.9.20 | Same as above. |
| 182 | U Printing Invoice and Picture 8.9.20 | Same as above. |
| 185 | Walmart Receipts Redacted | Represented to be expenditures of SuperKlean and show a lack of proper use of funds demonstrating a lack of mistake or accident in certifying the second loan application. |
| 186 | Additional Walmart Records Redacted | Same as above. |
| 188 | Wynn Player Review- Roberto Adams | Shows motive to apply to second loan and misuse of loan funds. |
| 189 | Wynn Encore Player Report | Shows motive to apply to second loan and misuse of loan funds. |
| 191 | Wynn and Encore Gaming Activity 2020 | Same as above. |
| 195.1 | Legal Zoom Records for SuperKlean LLC | Shows creation of SuperKlean in June 2020. |
| 195.2 | Legal Zoom Records for SuperKlean LLC | Same as above. |

| Exhibit[2] | Description | 404(b) Purpose |
|---|---|---|
| 198 | Article Attached by Bunche with the First Loan Application | Provides context of the first loan and knowledge of the PPP process. |
| 199 | Text Messages Between Bunche and Adams 12.30.20- 8.9.21 | Same as above. |
| 200 | Video of Texts between Bunch and Adams 7.31.20 to 8.9.21 | Same as above. |
| 200.1 | Text Messages between G. Bunche and R. Adams (7.31.20) | Shows Adams' knowledge and understanding of the loan process and his relationship with G. Bunche. |
| 200.2 | Text Messages between G. Bunche and R. Adams (7.31.20) | Same as above. |
| 200.3 | Text Messages between G. Bunche and R. Adams (7.31.20) | Same as above. |
| 200.4 | Text Messages between G. Bunche and R. Adams (7.31.20) | Same as above. |
| 200.5 | Text Messages between G. Bunche and R. Adams (8.4.20) | Same as above. |
| 200.6 | Text Messages between G. Bunche and R. Adams (12.30.20) | Shows motive and engagement for the second draw. |
| 200.7 | Text Messages between G. Bunche and R. Adams (1.21.21) | Same as above. |
| 200.8 | Text Messages between G. Bunche and R. Adams (1.25.21) | Same as above. |
| 200.9 | Text Messages between G. Bunche and R. Adams (1.28.21) | Same as above. |
| 200.10 | Text Messages between G. Bunche and R. Adams (3.15.21) | Shows Adams' knowledge and understanding of the PPP program. |

| Exhibit[2] | Description | 404(b) Purpose |
|---|---|---|
| 200.11 | Text Messages between G. Bunche and R. Adams (6.18.21) | Shows Adams' knowledge and understanding of the PPP program and loan forgiveness. |
| 200.12 | Text Messages between G. Bunche and R. Adams (7.28.21) | Shows Adams' knowledge and understanding of the PPP program and loan forgiveness. |
| 200.13 | Text Messages between G. Bunche and R. Adams (8.21.20) | Same as above. |
| 201 | Phone Analysis for Adams | Shows duration of conversation with Bunche at time of the second draw. |
| 210 | Email from SBA to Adams re EIDL | Shows Adams' engagement and financial competence.  It is indicative of intent and lack of accident. |
| 215 | Email from Scratch to Adams re Loan Forgiveness 3.5.21 | Completes the narrative of Adams' understanding of loan forgiveness. |
| 216 | Email from Adams to Bunche re loan Forgiveness 7.28.21 | Shows Adams' knowledge and understanding of the loan process and his relationship with G. Bunche and provides context of the first loan application. |
| 218 | Email from Scratch to Adams re Loan Forgiveness 8.21.20 | Shows Adams' knowledge and understanding of the loan process and provides context of the first loan application. |
| 226 | SAM.gov Entity Overview Details 1.18.21 | Provides context of when SuperKlean was created. |

As the Government argued during the motions hearing, its intent in introducing the proffered evidence is not to cast aspersions with respect to Adams' conduct surrounding his application for the first loan.  Rather, the intent is to show Adams' knowledge of the PPP loan process.  The government seeks to introduce the exhibits listed above to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with respect

to Adams' second loan application. Moreover, an essential element at trial is Adams' intent. The proffered evidence is offered to demonstrate that in seeking a second PPP loan, Adams' was not mistaken about the application process, the purpose of the PPP money, or that the money was intended for specific usages. The prior-acts are also being offered as evidence of motive and knowledge. *See United States v. Brown*, 597 F.3d 399, 404 (D.C. Cir 2010) ([e]vidence of [a defendant's] intent, as demonstrated by extrinsic evidence of knowledge, motive, and the absence of mistake or accident, was relevant to show his specific intent to defraud."). In *Brown,* the Circuit found that the evidence the government sought to introduce was both temporally and substantively related to the charged conduct. Similarly, here Adams' first loan application coupled with his use of the funds from that loan are both temporally and substantively related to his conduct in the second loan and show the defendant's intent to fraudulently obtain funds in this second loan application.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests permission to introduce the above-described evidence as intrinsic evidence or other crimes evidence pursuant to Fed. R. Evid. 404(b).

Respectfully Submitted,

Jeanine Ferris Pirro
United States Attorney

By:    */s/ Caelainn Carney*
Caelainn Carney (N.Y. Bar No. 5751672)
Sarah C. Santiago (GA Bar No. 724304)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Email: caelainn.carney@usdoj.gov
Telephone: 202-714-6433

11