**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. 21-cr-625-APM** |
| **ROBERTO ADAMS,** | |
| **Defendant.** | |

**JOINT PRETRIAL STATEMENT**

The United States and Counsel for Roberto Adams respectfully submit this Joint Pretrial Statement containing: Proposed Neutral Statements of the Case; Proposed Voir Dire Questions; Proposed Jury Instructions; Witness Lists; Proposed Verdict Form.  The parties have agreed to two stipulations, which are attached hereto.

### I.    Proposed Neutral Statements of the Case

The parties do not agree on the proposed neutral statement of the case, and each present their proposed neutral statements below:

### A.    Government's Proposal for Neutral Statement of the Case

This is a criminal case that began when the grand jury returned an Indictment. The defendant, Roberto Adams has been charged with one count of wire fraud and one count of expenditure money laundering.  It is alleged that in January 2021, Mr. Adams fraudulently obtained one pandemic-related loan, totaling approximately $18,345, through the Paycheck Protection Program for a business he allegedly controlled named SuperKlean LLC. It is further alleged that Mr. Adams used over $10,000 from the proceeds of those loans to make an expenditure on January 29, 2021, in the amount of $12,110.91.  Mr. Adams has pleaded not guilty and denies each of these charges.

**B.      Defendant's Proposal for Neutral Statement of the Case**

This is a criminal case.  Officer Roberto Adams is the defendant. Officer Roberto Adams has been charged with crimes related to alleged fraud involving a PPP loan application another individual filled out on his behalf. Officer Adams denies the charges against him, he has pleaded not guilty and is presumed innocent unless and until the government proves beyond a reasonable doubt that he is guilty of every element of the offenses charged in the indictment.  The Court will instruct the jury as to the elements of the crimes charged and the applicable law at a more appropriate time during trial.

## II.      Proposed Voir Dire Questions

### A.      Jointly Proposed

Knowledge of the Parties

1.  The Defendant is Roberto Adams, a resident of the State of Maryland and at the time relevant to this case he was employed as a Police Officer by the District of Columbia Metropolitan Police Department. Do you know him?

Experience with the Legal System and U.S. Government

2.  Have you, or any members of your immediate family, ever studied law or had any legal training, including paralegal training?

3.  Have you, or any of your family, close friends, or household members, ever worked for or with an office that handles prosecution?  By "prosecution," the question means government agencies such as the United States Attorney's Office, a district attorney's office, or an attorney general's office.

4.  Have you, or any of your family, close friends, or household members, ever worked for or with a law enforcement agency? By "law enforcement," this question means government agencies like the U.S. Park Police, Immigration and Customs Enforcement Agency (ICE), the Department of Homeland Security, the Department of Corrections, state and local police and fire departments; the Metropolitan Police Department; the Federal Bureau of Investigation, also known as the FBI; the Department of Justice; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives, also known as the ATF; the Drug Enforcement Administration, also known as DEA; the Internal Revenue Service the U.S. Secret Service; the CIA; and probation and parole officers.

5. Have you, or any of your family, close friends, or household members, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, the Innocence Project, defense attorneys, or a private law firm?  This question also includes work as a private investigator.

6. Have you, or any of your family, close friends, or household members, ever worked at a courthouse or for a court system, including D.C. Superior Court, or the U.S. District Court, including the Pretrial Services Agency, CSOSA, or U.S. Probation?

7. Do you, or any of your family, close friends, or household members, have a pending application for employment with the United States Attorney's Office; a public defender service; a law firm that does criminal defense work; with any local, state, or federal law enforcement agency, as defined above; or with any courthouse or court system as defined above?

8. Have you had any unpleasant experiences with the police or a prosecutor or other law enforcement, whether here in D.C. or elsewhere?  Or any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere?

9. Do you have any beliefs or opinions about law enforcement officers that would affect your ability to fairly and impartially evaluate the credibility of a law enforcement officer, like any other witness, simply because he or she is a law enforcement officer?

10. Do you have any beliefs or opinions about the United States Attorney's Office, the U.S. Department of Justice, criminal defense attorneys, or the Federal Bureau of Investigation that would make it difficult for you to remain fair and impartial to both the government and the Defendant throughout the trial in this case?

Prior Jury Service

11. Has any member served as a juror in a case where in which an agreement as to a verdict was **not** reached?

12. Has anyone served as a foreperson for a jury?

Ability to Serve and Deliberate

13. Is there anything about your political beliefs or affiliations that would prevent you from following the law as I instruct you or reaching a verdict based solely on the evidence you receive during the trial?

14. Does anyone have personal beliefs about the criminal justice system that would impact their ability to render a verdict one way or the other, regardless of the evidence presented at trial and regardless of the law as I instruct you?

15. Do you have any difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case?

16. Are you taking any medication or do you have any physical condition that could make it difficult for you to sit as a juror and give your full attention to the trial and the evidence in this case?

17. Do you have any difficulty speaking, understanding, reading, or writing the English language?

18. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person in a criminal trial?

19. Is there anyone who believes that current laws are too harsh in prosecuting individuals that commit fraud?

20. Is there anyone who believes that current laws are too lenient?

21. Is there anything about the charges being brought in this case that would cause you to be prejudice or biased for or against the Federal Government, for or against any witness, or for or against the Defendant?

22. Is there anything that comes to mind that could make you either consciously or subconsciously feel strongly for or against either party, or affect your ability to be fair and impartial in this case?

23. Are you familiar with the Paycheck Protection Program or Emergency Injury Disaster Loan Program passed as part of the Coronavirus Aid, Relief, and Economic Security Act—also known as the CARES Act?

24. Have you or anyone in your family or friends been a victim of fraud?  If so, can you still render a fair verdict despite you, a family member or friend being a victim of fraud?

25. Have you or anyone in your family or friends been accused of fraud?  If so, can you still render a fair verdict despite you, a family member or friend being accused of fraud?

**B.  Additional Voir Dire - Proposed by the Government to Which the Defendant Objects**

26. Have you had any dealings with the United States Government in which you feel the government did not give you fair treatment?

   - Defendant objects on grounds that it is duplicative of Additional Question 21.

27. Are there any among you who have any claim against the United States pending at this time?

   - Defendant objects on grounds that it is duplicative of Additional Question 21.

28. Do each of you understand that in federal court jurors determine whether a defendant is guilty or not guilty from the evidence, and the punishment provided for the offense

charged in the indictment is a matter for the Court and should not be considered by the jury in any way in arriving at your verdict?  Will that affect your ability to sit as a juror?

- Defendant objects on grounds that a jury does not determine guilt or innocence in our Constitutional system. It determines whether the government proved every element of the offense charged beyond a reasonable doubt or not, which is why its "guilty or not guilty" not "guilty or innocent."   The Defendant proposes the following instead: "Are you able to follow the rule that the defendant is presumed innocent throughout the trial unless and until the government proves every element of the offense beyond a reasonable doubt?"

## C. <u>Additional Voir Dire - Proposed by the Defendant to Which the Government Objects</u>

29. A defendant is not required to present any evidence in this case, because the burden of proof rests with the prosecution.  If the defendant does not present any evidence in this case, you cannot hold that against him.  Are you able to follow that instruction?

- The Government objects to this question because it is duplicative of *Burden of Proof, Criminal Jury Instructions for the District of Columbia § 2.107*.  If the Court is inclined to ask this question, the Government requests that it be styled to be consistent with the *§ 2.107 Burden of Proof* jury instruction, and read as follows:

  Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the Government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Roberto Adams to prove his innocence or to produce any evidence at all. Would anyone have an issue with following this instruction?

30. You must acquit the defendant if the government fails to prove every element of the offenses charged beyond a reasonable doubt?  Are you comfortable rendering a verdict of not guilty if the government does not prove their case even if you believe the defendant possibly, maybe, or even likely committed the offense?

- The Government objects because the first half of the question is not, in fact, a question, but an instruction. The Government objects to the second half of this question because it conflicts with and is inconsistent with the Court's instruction on the definition of Reasonable Doubt.  *See Reasonable Doubt, Criminal Jury Instructions for the District of Columbia § 2.108.*

- The Government proposes that, if the Court is inclined to ask this question it be styled to be consistent with *Burden of Proof, Criminal Jury Instructions for the District of Columbia § 2.107, and read as follows:*

  If you find that the Government has proven beyond a reasonable doubt every element of a particular offense with which Roberto Adams is charged, it is your

duty to find him guilty of that offense. On the other hand, if you find the Government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find Roberto Adams not guilty of that offense. Would anyone have an issue with following this instruction?

31. Do you have any strong feelings one way or the other about the Government providing financial assistance during the pandemic or about the Government providing financial assistance to citizens in general?

- The Government objects because this question is duplicative of Question 9 in the Court's proposed questions. *See* ECF 38-1 ("Do you have such strong feelings about the COVID-19 pandemic and its impact on small business that it would be difficult for you to be fair and impartial in this case?")

   o **Defense Response:** this question is not duplicative of Question 9, which deals with the impact of COVID-19 on small businesses whereas the above question is intended to elicit whether a juror has bias towards individuals who receive government assistance.

## III.   PROPOSED JURY INSTRUCTIONS

The parties hereby propose the following jury instructions, subject to issues that arise during trial. Proposed instructions that do not come from the Standardized Criminal Jury Instructions for the District of Columbia ("Redbook") are identified in the list below in bold, with the proposed language following.

### A. Joint Agreement as to the Instructions Below:

**PRELIMINARY INSTRUCTIONS**

1. Preliminary Instructions Before Trial, Criminal Jury Instructions for the District of Columbia § 1.102

2. Notetaking by Jurors, Criminal Jury Instructions for the District of Columbia § 1.105

3. Preliminary Instructions to Jury Where Identity of Alternates is Not Disclosed § 1.107

4. A Juror's Recognition of a Witness or Other Party Connected to the Case § 1.108

**ANTICIPATED INSTRUCTIONS DURING TRIAL**

5. Cautionary Instruction on the Use of the Internet, Criminal Jury Instructions for the District of Columbia § 1.202

6. A Stipulation of Fact § 1.103

**FINAL JURY INSTRUCTIONS**

7. Function of the Court, Criminal Jury Instructions for the District of Columbia § 2.101

8. Function of the Jury, Criminal Jury Instructions for the District of Columbia § 2.102

9. Jury's Recollection Controls, Criminal Jury Instructions for the District of Columbia § 2.103

10. Evidence in the Case, Criminal Jury Instructions for the District of Columbia § 2.104

11. Statements of Counsel, Criminal Jury Instructions for the District of Columbia § 2.105

12. Indictment Not Evidence, Criminal Jury Instructions for the District of Columbia § 2.106

13. Burden of Proof, Criminal Jury Instructions for the District of Columbia § 2.107

14. Reasonable Doubt, Criminal Jury Instructions for the District of Columbia § 2.108

15. Direct and Circumstantial Evidence, Criminal Jury Instructions for the District of Columbia § 2.109

16. Nature of Charges Not to be Considered, Criminal Jury Instructions for the District of Columbia § 2.110

17. Number of Witnesses, Criminal Jury Instructions for the District of Columbia § 2.111

18. Inadmissible and Stricken Evidence, Criminal Jury Instructions for the District of Columbia § 2.112 (if applicable)

19. Credibility of Witnesses, Redbook Criminal Jury Instructions for the District of Columbia § 2.200

20. Child's Testimony, Criminal Jury Instructions for the District of Columbia § 2.201 (if applicable)

21. Police Officer's Testimony, Criminal Jury Instructions for the District of Columbia § 2.207

22. Right of Defendant Not to Testify, Criminal Jury Instructions for the District of Columbia § 2.208 (if applicable)

23. Defendant as Witness, Criminal Jury Instructions for the District of Columbia § 2.209 (if applicable)

24. False or Inconsistent Statement by Defendant § 2.210 (if applicable)

25. Effect of Refusal of Witness to Answer Question § 2.211 (if applicable)

26. Invocation of Fifth Amendment Privilege Against Self-Incrimination, Criminal Jury Instructions for the District of Columbia § 2.212 (if applicable)

27. Character of the Defendant, Criminal Jury Instructions for the District of Columbia § 2.213 (if applicable)

28. Cross-Examination of Character Witness, Criminal Jury Instructions for the District of Columbia § 2.214 (if applicable)

29. Evaluation of Prior Inconsistent Statement, Criminal Jury Instructions for the District of Columbia § 2.216 (if applicable)

30. Evaluation of Prior Consistent Statement, Criminal Jury Instructions for the District of Columbia § 2.217 (if applicable)

31. Motive, Criminal Jury Instructions for the District of Columbia § 2.307

32. Other Crimes Evidence, Criminal Jury Instructions for the District of Columbia § 2.321 (if applicable)

33. Multiple Counts—One Defendant, Criminal Jury Instructions for the District of Columbia § 2.402

34. Late Disclosure or Non-Disclosure of Evidence § 2.322 (if applicable)

35. "On or About," Criminal Jury Instructions for the District of Columbia § 3.103

36. Aiding and Abetting, Criminal Jury Instructions for the District of Columbia § 3.200

37. Proof of State of Mind, Criminal Jury Instructions for the District of Columbia § 3.101

38. Wire Fraud, 18 U.S.C. § 1343

39. Expenditure Money Laundering, 18 U.S.C. § 1957

40. Redacted Exhibits, Criminal Jury Instructions for the District of Columbia § 2.500

41. Exhibits During Deliberations, Criminal Jury Instructions for the District of Columbia § 2.501

42. Selection of Foreperson, Criminal Jury Instructions for the District of Columbia § 2.502

43. Possible Punishment Not Relevant, Criminal Jury Instructions for the District of Columbia § 2.505

44. Unanimity—General, Criminal Jury Instructions for the District of Columbia § 2.405

45. Verdict Form Explanation, Criminal Jury Instructions for the District of Columbia § 2.407

46. Furnishing the Jury with a Copy of the Instructions, Criminal Jury Instructions for the District of Columbia § 2.100

47. Cautionary Instruction on Publicity, Communication, and Research, Criminal Jury Instructions for the District of Columbia § 2.508

48. Communication Between Court and Jury During Jury's Deliberations, Criminal Jury Instructions for the District of Columbia § 2.509

49. Attitude and Conduct of Jurors in Deliberations, Criminal Jury Instructions for the District of Columbia § 2.510

50. Excusing Alternate Jurors, Criminal Jury Instructions for the District of Columbia § 2.511

51. Defendant's Theory of the Case § 9.100

**B. Additional Instructions Proposed by Defense to which the Government Objects:**

52. Missing Witness or Other Evidence § 2.300.

o The Government objects to the inclusion of this instruction and has filed a Motion *in Limine* regarding such arguments by the Defense. *See* ECF 208.

53. Willfully Causing an Act to be Done § 3.102.

o The Government objects to the inclusion of this instruction because it is contrary to law and inconsistent with the statute. The proposed instruction for the violation of Title 18, United States Code, Section 1343 is sufficient. The Government also notes that this instruction was not included in similar cases recently tried in D.D.C. and involving violations of Section 1343. *See United States v. Venkata, 20-CR-66 (RDM), 2022 WL 1093584 (D.D.C. Apr. 7, 2022); United States v. Milligan, 19-CR-424 (TJK), 2021 WL 3186473 (D.D.C. July 23, 2021); United States v. Barrow, 20-CR-127 (CKK), 2021 WL 5358721 (D.D.C. June 24, 2021); United States v. Abou-Khatwa, 18-CR-67 (TSC), 2019 WL 12337740 (D.D.C. Nov. 7, 2019).*

54. **Venue**

The Indictment alleges that some act [or acts] in furtherance of the crime charged occurred in the District of Columbia. There is no requirement that [all aspects of the crime charged] take place here in the District of Columbia. Before you may return a verdict of guilty, however, if that is your decision, the government must convince you that [some act in furtherance of the crime charged] took place in the District of Columbia.

[*Define the specific geographic boundaries of the venue, if needed*.]

Unlike all the specific elements of the crime[s] charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that [some act in furtherance of the crime charged] took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

**Source:** Ninth Circuit Model Jury Instructions 6.32 Venue

- The Government objects to the inclusion of this instruction. Venue is a jury question if "(1) the defendant objects to venue prior to or at the close of the prosecution's case-in-chief, *(2) there is a genuine issue of material fact with regard to proper venue*, and (3) the defendant timely requests a jury instruction." *United States v. Haire*, 371 F.3d 833, 840 (D.C. Cir. 2004) (*quoting United States v. Perez*, 280 F.3d 318, 327 (3d Cir. 2002)), *vacated on other grounds*, 543 U.S. 1109 (2005) (emphasis added). Because there is no genuine issue of material fact with regard to proper venue in this case, the jury is not required to make a determination on this issue and the instruction is not appropriate. *See United States v. Fahnbulleh,* 752 F.3d 470, 477 (D.C. Cir. 2014)("It is well established law in this circuit with respect to venue instructions that a venue instruction is necessary only when the question of venue is genuinely in issue." (internal quotations and citation omitted). The Government is not aware of any evidence that the Defendant was not in the District of Columbia when he sent an interstate wire signal to G.B. in North Carolina, as set forth in Count 2 of the Second Superseding Indictment.

C. **Additional Instructions Proposed by the Government to which the Defendant Objects:**

55. Suppression or Fabrication of Evidence by Defendant, Criminal Jury Instructions for the District of Columbia § 2.303

   o Defendant objects to inclusion of this instruction.

56. **Deliberate Ignorance** (Parties reserve argument until the close of evidence)

Next, I want to explain something about proving a Defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that a scheme to fraudulently obtain Paycheck Protection Program loans existed, then you may find that he knew of the scheme to fraudulently obtain Paycheck Protection Program loans.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that the scheme to fraudulently obtain Paycheck Protection Program

loans existed, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict.  This, of course, is all for you to decide.

**Source:** Sixth Circuit Model Jury Instructions, 2.09

- Defendant objects to inclusion of this instruction so long as the government proceeds on an actual knowledge theory.  If the facts at trial prove the defendant purposely contrived to avoid learning all the facts or was aware of a high probability of wire fraud and consciously avoided confirming that fact, *U.S. v. Bisong*, 645 F.3d 384, 399-400 (citing *United States v. Alston Graves*, 435 F33d 331, 341), then the defense proposes the following instruction:

  You may find the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

  1. Was aware of a high probability that G.B. was engaged in a wire fraud scheme,[1] and

  2.  Deliberately avoided learning the truth.

  You may not find such knowledge, however, if you find that the defendant actually believed G.B. was engaged in the lawful business of loan processing, or if you find that the defendant was simply negligent, careless, or foolish.

**Source:** Ninth Circuit Model Jury Instructions, 5.8 Deliberate Ignorance

---

[1] The Government notes that, to the extent that Court adopts the Ninth Circuit's instruction on Deliberate Ignorance, the Government objects to the Defendant's insertion of "G.B. was engaged in a wire fraud scheme" and "G.B. was engaged in the lawful business of loan processing" as G.B. actions are not the subject of the Second Superseding Indictment and G.B. is not on trial.  It is Defendant's knowledge and conduct related to a "scheme to fraudulently obtain Paycheck Protection Program loans" that is the subject of the trial.  Defendant's proposed instruction appears to be an attempt to convert the instruction into a second "theory of defense" instruction.

**D.  Instructions as to Substantive Counts to which the Parties are in Partial Agreement:**

**Proposed Instruction 39: Count Two —Wire Fraud, 18 U.S.C. § 1343**

Count Two of the Second Superseding Indictment charges the Defendant with Wire Fraud.

Elements of the Offense

To prove the defendant is guilty of wire fraud, the Government must prove each of the following elements beyond a reasonable doubt:

1.    The defendant knowingly[2] devised a scheme to defraud or to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises;

---

[2] The **Defendant objects** and requests that the phrase **"and willingly"** be added to this element. The defense agrees with the United States Justice Department Criminal Resource Manual that cites to case law stating "willingly" or "voluntarily" as an element of the offense.  *See United States Department of Justice*, Criminal Resource Manual, CRM 500-999, 941. 18 U.S.C. 1343— Elements of Wire Fraud.  The section of the manual is copy and pasted verbatim below:

> The elements of wire fraud under Section 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme. *United States v. Briscoe*, 65 F.3d 576, 583 (7th Cir. 1995) (citing *United States v. Ames Sintering Co*., 927 F.2d 232, 234 (6th Cir. 1990) (per curiam)); *United States v. Frey*, 42 F.3d 795, 797 (3d Cir. 1994) (wire fraud is identical to mail fraud statute except that it speaks of communications transmitted by wire); see also, e.g., *United States v. Profit*, 49 F.3d 404, 406 n. 1 (8th Cir.) (the four essential elements of the crime of wire fraud are: (1) that the defendant **voluntarily and intentionally devised or participated in a scheme** to defraud another out of money; (2) that the defendant did so with the intent to defraud; (3) that it was reasonably foreseeable that interstate wire communications would be used; and (4) that interstate wire communications were in fact used) (citing Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.1341 (West 1994)), cert. denied, 115 S.Ct. 2289 (1995); *United States v. Hanson*, 41 F.3d 580, 583 (10th Cir. 1994) (two elements comprise the crime of wire fraud: (1) a scheme or artifice to defraud; and (2) use of interstate wire communication to facilitate that scheme); *United States v. Faulkner*, 17 F.3d 745, 771 (5th Cir. 1994) (essential elements of wire fraud are: (1) a scheme to defraud and (2) the use of, or causing the use of, interstate wire communications to execute the scheme), cert. denied, 115 S.Ct. 193 (1995); *United States v. Cassiere*, 4 F.3d 1006 (1st Cir. 1993) (to prove wire fraud government must show (1) scheme to defraud by means of false pretenses, **(2) defendant's knowing and willful participation in scheme with intent to defraud**, and (3) use of interstate wire communications in furtherance of scheme); *United States v. Maxwell*, 920 F.2d 1028, 1035 (D.C. Cir. 1990) ("Wire fraud requires proof of (1) a scheme to

2.      The defendant did so with the intent[3] to defraud; and

---

defraud; and (2) the use of an interstate wire communication to further the scheme.")(emphasis added)
*available at* https://www.justice.gov/archives/jm/criminal-resource-manual-941-18-usc-1343-elements-wire-fraud.

**Government's position:** the addition is contrary to law and inconsistent with the statute, prior precedent, and jury instructions given in recent D.D.C. trials. *See* 18 U.S.C. § 1343; *See United States v. Venkata*, 20-CR-66 (RDM), 2022 WL 1093584 (D.D.C. Apr. 7, 2022); *United States v. Barrow*, 20-CR-127 (CKK), 2021 WL 5358721 (D.D.C. June 24, 2021); *United States v. Abou-Khatwa*, 18-CR-67 (TSC), 2019 WL 12337740 (D.D.C. Nov. 7, 2019); United States v. Scott, 19-cr-00030 (RLW), 150 F.4th 580 (D.C. Cir. 2025).

[3] The **Defendant objects** and requests that the word **"specific"** be added to appear before intent. *See United States v. Venkata*, 20-CR-66 (RDM), 2022 WL 1093584 (D.D.C. Apr. 7, 2022).

**Government's position:** the addition is contrary to law and inconsistent with the statute and prior precedent. *See* 18 U.S.C. § 1343; *United States v. Barrow*, 20-CR-127 (CKK), 2021 WL 5358721 (D.D.C. June 24, 2021); *United States v. Abou-Khatwa*, 18-CR-67 (TSC), 2019 WL 12337740 (D.D.C. Nov. 7, 2019). The addition of "specific" is superfluous. "Specific Intent" is not a defined term in this instruction. Further, its addition would be confusing to the jury because it would mislead them into believing that the Defendant need to be aware that he was violating the specific wire fraud statute as opposed to the Defendant's awareness he was participating in a scheme to defraud. *See United States v. Kahn*, 88 F.3d 1279 (D.C. Cir. 1996)("A mail fraud conviction requires proof of an intent to deceive and cause financial loss to another or cause financial gain to oneself. [] The specific intent required under the mail fraud statute is the intent to defraud, rather than the intent to violate a statute.")(internal citations omitted). Indeed, in *Khan*, the D.C. Circuit specifically stated that "[t]he Court in *U.S. v. Rhone, 864 F.2d 832* (D.C. Cir. 1989) *did not determine* that subjective knowledge of the unlawfulness of one's action is always required in a conviction for mail fraud." *Kahn, 88 F.3d* at *1279* (emphasis added). Defendant's reliance on *Rhone*, as set forth below, is misplaced. There is no requirement that the Defendant be aware of the wire fraud statute or, as Defendant phrases it below, "presumed to know the law." A majority of the circuits do not include the word "specific" in the instruction. *See Pattern Crim. Jury Instr. 1st Cir.* 4.13 (1998); *Mod. Crim. Jury Instr. 3rd Cir.* 6.18.1343 (2023); *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina § 1343 (2020 Online Edition)*; *Pattern Crim. Jury Instr. 6th Cir.* 10.02 (2023); *Fed. Crim. Jury Instr. 7th Cir.* 1341 & 1343[1] (2022 ed.); *Model Crim. Jury Instr. 8th Cir.* 6.18.1343 (2021); *Model Crim. Jury Instr. 9th Cir. 15.35 (2023); Pattern Crim. Jury Instr. 11th Cir. OI O51 (2020)*

**Defendant's position:** the central issue at trial is whether the defendant had the specific intent to defraud the government and that failing to include the word "specific" could allow the jury to infer that the government meets its burden of proving the requisite intent simply on the basis that the defendant was presumed to know the law. *See United States v. Rhone*, 864 F.2d 832 (D.C. Cir.

3.        That, in carrying out or furthering the scheme to defraud, the defendant transmitted or caused to be transmitted a writing, sign, or picture by means of a wire communication in interstate commerce.

### Definitions

As to the first element, a "scheme to defraud or to obtain money or property" means any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value by using materially false or fraudulent pretenses, representations or promises, or by concealing material facts.

The terms "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements, as well as half-truths and/or the knowing concealment of facts that are material or important to the matter in questions and that were made or used with the intent to defraud.

A pretense, representation, or promise is material if it has the natural tendency to influence or is capable of influencing a decision by the person or entity to whom it is addressed. However, whether a pretense, representation, or promise is material does not depend upon whether a person was actually deceived, or relied on it, or should have known it was false or fraudulent. Moreover, it is irrelevant whether the person acting on the pretense, representation, or promise did so negligently, carelessly, irresponsibly, or could have done something more to prevent the offense.

As to the second element, to act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive and deprive another of something of value.[4] An intent

---

1989).  In addition, the inclusion of the word "specific" is not superfluous nor is it confusing to the jury.  The instruction does not state with "the specific intent to commit wire fraud"—merely the specific intent to defraud, which is the requisite *mens rea* of the offense.  The government cites to *Khan*, an unpublished opinion, that merely states the obvious, which is the "specific intent required under the mail fraud statute is the intent to defraud, rather than the intent to violate a statute." (citation omitted). Neither the government's position nor the holding in *Khan* contradict the fact that a wire fraud conviction requires the government to prove beyond a reasonable doubt the defendant had the "specific intent to defraud," which is what the defense proposes.

[4] **Defendant objects** and requests that the instruction read "As to the second element, to act with a 'specific intent to defraud' means a conscious, knowing, intent to deceive or cheat someone." *See United States v. Venkata*, 20-CR-66 (RDM), 2022 WL 1093584 (D.D.C. Apr. 7, 2022).  For the same reasons stated above, the Government objects to the insertion of "specific." *See United States v. Barrow*, 20-CR-127 (CKK), 2021 WL 5358721 (D.D.C. June 24, 2021); *United States v. Abou-Khatwa*, 18-CR-67 (TSC), 2019 WL 12337740 (D.D.C. Nov. 7, 2019).  The Government also notes that the Defendant's objection to the explanation of the second element further demonstrates the superfluousness of "specific," as it does nothing to further instruct the jury of the meaning of the term and appears to be nothing more than an attempt to add a heightened intent standard that is inconsistent with the law.

to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.

As to the third element, a "wire communication in interstate commerce" includes the use of the internet to send a message or to communicate with a website from one state to another state. For the purpose of the wire fraud statute, a wire transmission from a state outside of the District of Columbia to the District of Columbia is considered a transmission in interstate commerce.

The Government need not prove that the Defendant intended that anything be transmitted in interstate commerce to further, advance, or carry out the scheme. The Government must prove beyond a reasonable doubt, however, that a wire transmission in interstate commerce was, in fact, used in some manner to further, advance, or carry out the scheme.

It is also not necessary that the Government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate wire communications facilities was closely related to the scheme because the Defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme.

To "cause" interstate wire communications to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each use of interstate wires to further or to carry out the scheme may be a separate violation of the wire fraud statute.[5]

**Sources:** Adapted from Adapted from 2A Fed. Jury Prac. & Instr. §§ 47:07, 47:08, 47:13, 47:14, 47:15; 3d Cir. Model Crim. Jury Instr. 6.18.1343-1, *Wire Fraud – "Transmits by means of wire, radio, or television communication in interstate commerce" – Defined* ("The use of the Internet to send a message, such as an e-mail, or to communicate with a web site may constitute a wire transmission in interstate commerce."); *see also United States v. Tann*, 532 F.3d 868, 871-873 (D.C. Cir. 2008) (identifying the elements of wire fraud and noting that a fax transmission from Virginia to the District of Columbia was used to support the interstate communication required); *United States v. Alston-Graves*, 435 F.3d 331, 337 (D.C. Cir. 2006) (identifying the elements of wire fraud); *United States v. Maxwell*, 920 F.2d 1028, 1036 (D.C. Cir. 1990) (rejecting that it is a defense to wire fraud where the "persons defrauded unreasonably believed the misrepresentations made to them. . . . [I]t makes no difference whether the persons the scheme is intended to defraud are gullible or skeptical, dull or bright. . . . The only issue is whether there is a plan, scheme or artifice intended to defraud." (citation and internal quotation marks omitted)); *United States v. Lemire*, 720 F.2d 1327, 1338-43 (D.C. Cir. 1983) (discussing the definition of a scheme to defraud and intent to defraud); *United States v. Alston*, 609 F.2d 531, 535-36 (D.C. Cir. 1979) ("The mail and wire fraud statutes prescribe a penalty for each use of the mails or wires 'for the purpose of

---

[5] **Defendant objects** to this language because there is only one count filed and this seems to suggest the jury could find Officer Adams guilty on additional uncharged counts.

executing' a scheme to defraud or to obtain money or property by means of false pretenses."); *see United States v. Venkata,* 20-CR-66 (RDM), 2022 WL 1093584 (D.D.C. Apr. 7, 2022) (Jury Instruction for Wire Fraud); *United States v. Barrow,* 20-CR-127 (CKK), 2021 WL 5358721 (D.D.C. June 24, 2021) (Jury Instruction for Wire Fraud); *United States v. Abou-Khatwa,* 18-CR-67 (TSC), 2019 WL 12337740 (D.D.C. Nov. 7, 2019) (Jury Instruction for Wire Fraud).

**Proposed Instruction 40: Count Three — Expenditure Money Laundering, 18 U.S.C. § 1957**

Count Three of the Second Superseding Indictment charges the Defendant with Expenditure Money Laundering.

Elements of the Offense

The elements of this charge, each of which the Government must prove beyond a reasonable doubt, are the following:

1.    The Defendant engaged or attempted to engage in a monetary transaction in or affecting interstate commerce;

2.    That the monetary transaction involved criminally derived property of a value greater than $10,000;

3.    That the property was derived from specified unlawful activity, that is, wire fraud;

4.    That the defendant acted knowingly, that is with knowledge that the transaction involved proceeds of a criminal offense; and

5.    That the transaction took place in the United States.

Definitions

The first element which the Government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate of foreign commerce, of funds or a monetary instruction by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The second element which the Government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminal derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

The Government is not required to prove that all of the property involved in the transaction was criminally derived property.  The Government is not required to prove that legitimate funds were not commingled with the criminally-derived funds.  In other words, the Government is not required to prove that the criminally-derived funds were kept separate from any lawfully obtained funds.  The Government also is not required to trace criminal funds that are commingled with legitimate funds.[6]

The third element which the Government must prove beyond a reasonable doubt is that the Defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

I instruct that this element refers to a requirement that the Defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under state or federal law.  I instruct you as a matter of law that wire fraud is a criminal offense.

The fourth element which the Government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction, as defined above.

I instruct you that in a prosecution for an offense under this section, the Government is required to prove that the Defendant knew the particular offense from which the criminally derived property was derived.  However, the Government must prove beyond a reasonable doubt that the Defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the Government has established, beyond a reasonable doubt, that the Defendant knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

The fifth element which the Government must prove beyond a reasonable doubt is that the transaction took place in the United States.

**Sources:** *United States v. Howard*, 271 F. Supp. 2d 79, 83 (D.D.C. 2002) (discussing elements of offenses under Title 18, United States Code, Section 1957). *United States v. Silver*, 864 F.3d 102 (2nd Cir. 2017).

## IV.  <u>WITNESS LISTS</u>

### A.  Government's Witness List

---

[6] The Defendant objects to the inclusion of this paragraph.  It is the Government's position that this language relates to the "tracing issue."  During a hearing on May 4, 2023, before the prior trial, the Court indicated that it was inclined to rule that the Government was not required to trace the illicit funds.  Defendant requested additional time to brief the issue and the Court set a briefing schedule.  Defendant never filed a brief related to this issue in connection with the first trial or the instant trial.

1. Nora Hobbie, Attorney Advisor, Small Business Administration

2. Jacoby Taylor, Metropolitan Police Department

3. Gary Ciapa, Agent, Internal Affairs, Metropolitan Police Department

4. Clint Hemberg, Special Agent, FBI

5. Nicholas Bunker, Special Agent, FBI

6. Matt Spaulding, Financial Analyst, FBI

7. George Earl Buckmon, Jr., Buckmon's Tax Service

8. Carl J. Wilson, Detective, Seattle Police Department

9. Riccardo Jones, DDS

10. Charles Benton

11. Michael Cole

12. Sterling Christian

13. Nikkia R. Brown

14. Sashana Blair

15. Kiyana Blair

16. Samiya Blair

17. Zanaya Donato

**B. Defendant's Witness List**

1. Roberto Adams

2. Gerrika Bunche

3. Wesley Collier

4. Agent Clint Hemberg

5. Agent David DeFilipis

6. Agent John Y. Nagashima

7.    Any and all witnesses the government subpoenaed to the grand jury investigation

8.    Any and all witnesses called by the United States government in its case-in-chief

## IV.    EXHIBIT LISTS

Forthcoming

## V.    PROPOSED VERDICT FORM

The proposed verdict form is attached as Exhibit 1.

## VI.    STIPULATIONS

The agreed upon stipulations are attached as Exhibits 2 and 3.

Dated:  May 18, 2026

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

/s/   Joseph A. Scofano

Joseph A. Scofano (Bar No. 994083)
Gretchen Pousson (VA Bar No. 39087)
Scrofano Law, P.C.
600 F Street N.W.
Suite 300
Washington, D.C. 20001
Email: jas@scrofanolaw.com
Telephone: (202) 870-0889

By:    /s/ Caelainn Carney

Caelainn Carney (N.Y. Bar No. 5751672)
Sarah C. Santiago (GA Bar No. 724304)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Email: caelainn.carney@usdoj.gov
Telephone: 202-714-6433

Counsel for Defendant Roberto Adams